### PHARO v. BEADLESTON et al.

*(City Court of New York, General Term.* July 1, 1892.)

SALE—FAILURE TO ACCEPT GOODS—ACTION FOR PRICE.
Plaintiff sued to recover the price of thermometers ordered by defendants, but which they refused to take. Defendants averred that the sole inducement for the order was the alleged novelty of the thermometers as an advertising medium, and plaintiff's false representation that none others had been sold to other brewers, defendants' competitors, and introduced evidence to prove these facts. *Held,* that the court properly admitted plaintiff's evidence denying such representations, and showing that thermometers had been used as an advertising medium for years.

Appeal from trial term.

Action by Allen B. Pharo against Beadleston & Woerz to recover damages for failure to accept goods sold. From a judgment for plaintiff, defendants appeal. Affirmed.

For decision granting a new trial on defendants' exceptions, heard at general term in the first instance, see 17 N. Y. Supp. 730.

Argued before McGowN and VAN WYCK, JJ.

*Guggenheimer & Untermyer,* for appellants. *Edward S. Clinch,* for respondent.

VAN WYCK, J. This action is brought to recover the agreed price for 2,000 thermometers with defendants' advertisement upon the same. There is no dispute as to amount, or that the contract was made, but defendants contend that plaintiff represented that no other persons in the brewing business in New York city, Newark, Jersey City, or Hoboken had been furnished by plaintiff with thermometers for advertising purposes, and that these representations were falsely made to induce defendants to enter into the contract, which they did upon the faith of the same. The plaintiff took the stand, offered the contract in evidence, and proved compliance with the terms thereof, and upon cross-examination testified that before this order was taken for these thermometers he had sold thermometers of this kind to other brewers in New York city, including the Empire State Brewing Company, about February 3, 1890, and the defendants then offered and had marked in evidence the invoice of such sale, (defendants' Exhibit 1;) and plaintiff continuing, under cross-examination, testified that he had sold these kind of thermometers to the Long Island Brewery Company, twice in July, 1890, and once in April, 1891, and defendants had the invoice of these three sales marked in evidence, (defendants' Exhibits 2, 3, and 4;) and plaintiff, still under cross, continued: "We had contracts for these kind of thermometers as an advertising medium before procuring the contract in question, with the Empire State Brewing Company and the Long Island Brewing Company and Ernest Ochs. We had also, in Brooklyn, the brewers Danenberg & Coles." The defendant Beadleston was then called, and, among other things, testified that he attended to this line of business,—advertising, and meeting people of that sort that come to the office. "In 1889 and 1890 our firm were extensive advertisers, and in advertising we sought to adopt novel methods, and get something original;" and that he asked Mr. Tully, their advertising agent, his opinion about the idea of adopting that mode of advertising; and that he said they would be good, if the exclusive use of them could be had, otherwise not. He further testified that he thought there was an advantage in having the exclusive use of these thermometers as an advertising medium. The defendants' witness Pottsburg, on direct, testified that he said at the time he thought it was a good thing to advertise, if no one else had it; and Tully, another of defendants' wit-

nesses, upon direct, testified that he had dealt largely with defendants for many years; that they have always been extensive advertisers; that he had charge of their advertising, and that they had advertised always in a novel way; and upon cross, he said he had never seen the thermometers used for advertising purposes, except the one which was shown at the time the order was solicited, Mr. Woerz, the other defendant, on direct, testified: "We thought the ther‑ mometer was a nice advertisement if we had it alone." That he never saw any thermometer as an advertisement before, and thought it was new; and then the defendants rested. Then, on behalf of plaintiff, evidence was given going to show that thermometers were not a novel method or medium of ad‑ vertising, but that for years thermometers had been made as an advertising medium. To this defendants objected and excepted, but the trial judge ad‑ mitted the same, and, in view of the evidence already quoted, it does seem that the same thereby became relevant, and was properly admitted. It is against this ruling only that defendants make serious objection. The plain‑ tiff and his witness denied that the alleged representations had been made; and it seems they convinced the jury, for the verdict was for plaintiff for the full amount claimed, and is not against the weight of evidence.

The judgment and order appealed from are affirmed, with costs.